IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 96-60237

Summary Calendar

———————————

ADAM LEE DUNLAP

Plaintiff-Appellant,

versus

CITY OF TUPELO, MISSISSIPPI

Defendant-Appellee.

———————————

Appeal from the United States District Court
For the Northern District of Mississippi
(1:95-CV-67-S-D)

———————————

November 13, 1996

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

I

This litigation stems from Tupelo's confinement of Plaintiff Adam Lee Dunlap on two separate occasions. Dunlap was arrested and charged with possession of drug paraphernalia in 1993. At his arraignment, Dunlap pleaded not guilty, and was released on a recognizance bond. Trial was set for a date in October, but there is conflicting evidence in the record as to whether Dunlap was

———————————

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

informed of the trial date. Additionally, notice of the trial date was mailed to Dunlap at an address in Amory, Mississippi. Because Dunlap moved from that address several years before, he apparently never received this written notice. In any event, he failed to appear at trial and was found guilty in absentia for misdemeanor possession of drug paraphernalia. The municipal court judge sentenced Dunlap to serve 60 days in the Tupelo City Jail and pay a $593 fine. Dunlap, however, remained at large so Tupelo issued a warrant for his arrest.

More than a year later the Tupelo police were investigating an embezzlement charge against Dunlap when they discovered the municipal court's outstanding warrant on the drug paraphernalia conviction. Pursuant to the warrant, the officers arrested Dunlap and took him to the municipal jail. Several hours later, Tupelo issued a another warrant to hold Dunlap, this time on the embezzlement charge. At Dunlap's initial appearance the next day, the court set bail at $5,000, and required a professional bond. Dunlap admitted in deposition that, at that time, he could not have posted the bond.

On the second day Dunlap was in jail on the two warrants, a Tupelo city judge visited Dunlap. The judge signed a "jail commitment order" that read "Adam Lee Dunlap has been convicted of contempt of court (old fine) $593 [sic] and has been sentenced to serve the following term in jail $593 [sic]. The offender is placed in [Tupelo jail] custody to serve said sentence." No other

new fine or sentence was given to Dunlap.  However, Dunlap claims that the judge orally waived Dunlap's original 60-day sentence but told him that he would have to "serve off" the fine at $20 per day. Dunlap remained in the jail approximately 30 days more. Thereafter, he was transferred to county jail pending trial on the embezzlement charge.  After an interview with the county sheriff in which Dunlap revealed his HIV infection, Dunlap was released from the county jail without posting the $5,000 bond.

The parties dispute Dunlap's treatment by the city jail staff and the condition of the municipal jail cells he occupied during his 30-day stay.  Because he is HIV-positive, Dunlap was either placed in a cell by himself or with another HIV-positive inmate. Dunlap claims that he was often denied meals and showers and had to sleep on a wooden bench.  He claims that the cell was "infested" with cockroaches, the only working water spout provided only hot water, and the toilet facilities were "stopped up" and foul-smelling.  Finally he claims that although he was provided with medicine for a bleeding colon, jail staff would not inform him when to take the medicine.  Tupelo counters that the stopped-up toilets were in *other* cells, and that Dunlap was provided with pitchers of cold water on request.  Tupelo provided no evidence to counter Dunlap's claims that he was denied showers and meals at summary judgment.

Dunlap filed this § 1983 action seeking redress for various aspects of his treatment by the Tupelo authorities. The district court granted Tupelo's motion for summary judgment, and Dunlap now appeals.

## II

We deal first with a red herring. Dunlap may not attack the validity of his criminal judgment for possession of drug paraphernalia in a § 1983 case. *Heck v. Humphrey*, 114 S.Ct. 2364 (1994). The Supreme Court has been clear:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 2372 (internal footnote omitted). Dunlap concedes that we may not award him damages for his conviction (allegedly imposed without assistance of counsel) without finding his sentence invalid. Yet he urges that his avenue of direct appeal was closed because he was held in jail only 30 days, not long enough to successfully invoke *habeas corpus* or direct appeal, and that the Supreme Court's bar should not apply to him. We do not read *Heck* to allow such discretion. The *Heck* court was clear that "the principle barring collateral attacks . . . is not rendered

4

inapplicable by the fortuity that a convicted criminal is no longer incarcerated." *Id.* at 2374 n.10. As Dunlap is lacking any decision of any tribunal calling into question the validity of his 1993 conviction, the district court correctly granted summary judgment under § 1983 for Dunlap's complaint of conviction without the availability of counsel.

Dunlap next claims that he was unconstitutionally held in jail for failing to pay a fine. Although "the Constitution prohibits [a] State from imposing a fine as a sentence and then automatically converting it into a jail term solely because the defendant is indigent and cannot forthwith pay the fine in full," *Tate v. Short*, 401 U.S. 395, 398 (1971), this contention was never pleaded by Dunlap. Nevertheless, the issue was addressed by the district court's opinion, and "issues not raised by the pleadings [that] are tried by express or implied consent of the parties [ ] shall be treated in all respects as if they had been raised in the pleadings." Fed.R.Civ.P. 15(a). Regardless of whether we choose to view the district court's discussion and the record here as containing "implied consent" for trial of the matter, Dunlap has put forth insufficient evidence to prevail against a motion for summary judgment on the issue.

The district court examined the facts and concluded that, although the municipal judge's warrant improperly used the word "contempt," all of the other facts surrounding Tupelo's arrest of

5

Dunlap indicated that the city properly held him on a valid warrant for the paraphernalia conviction. Finding that "no rational trier of fact could find that plaintiff's arrest was improper," *Matsushita Electric Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the district court granted summary judgment. We do not address this finding of the district court, because regardless of whether the warrant was proper, Dunlap has failed to put forward sufficient facts to prove another element of a § 1983 case. Dunlap sued the City of Tupelo only. "A municipality does not incur liability under § 1983 'unless action pursuant to official municipal policy of some nature caused a constitutional tort.'" *Piotrowski v. City of Houston*, 51 F.3d 512, 517 (5th Cir. 1995) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). As Dunlap put forth no evidence or even allegation of an official municipal policy or custom, his claim must fail at the summary judgment stage. *Id.*

Dunlap's only remaining claim is that the conditions of his 30-day confinement were inhumane and unconstitutional. A prisoner or a pretrial detainee may prevail on such a claim if he demonstrates that the jail official acted or failed to act with deliberate indifference his needs. *See Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996); *Bell v. Wolfish*, 441 U.S. 520 (1979). The district court found that plaintiff offerred only "allegations" in responding to "defendant's itemization of facts,"

6

that the conditions described were not "extreme deprivations . . . [or a denial of] the minimal civilized measure of life's necessities." We do not disagree. Regardless, there is nothing in the record to support a finding that any policymaker of the defendant City of Tupelo was deliberately indifferent, at least sufficient to constitute a violation of the Eighth Amendment or punishment in contravention of due process.

AFFIRMED.